Filed 10/27/15  P. v. Martinez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO MARTINEZ,<br><br>    Defendant and Appellant. | B258719<br><br>(Los Angeles County<br>Super. Ct. No. TA128843) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ricardo R. Ocampo and Laura R. Walton, Judges.  Affirmed.

Christine C. Shaver, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On August 8, 2013, Ricardo Martinez was charged in an information with possession for sale of methamphetamine (Health & Saf. Code, §§ 11378, count 1),[1] possession of methamphetamine with a firearm (§ 11370.1, subd. (a), count 2), possession for sale of cocaine (§ 11351, count 3), possession for sale of heroin (§ 11351, count 4), possession for sale of marijuana (§ 11359, count 5), unlawful possession of ammunition (Pen. Code, § 30305, subd. (a)(1), count 7) and possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1), counts 6, 8, 9, & 10). The information specially alleged as to count 1, the methamphetamine exceeded 1 kilogram by weight within the meaning of section 11370.4, subdivision (a), and as to counts 1, 3, 4, and 5, Martinez had suffered three prior convictions within the meaning of section 11370.2, subdivision (a). Martinez pleaded not guilty and denied the special allegations.

On November 6, 2013, Martinez filed a motion to unseal and quash the search warrant and to suppress evidence pursuant to *People v. Hobbs* (1994) 7 Cal.4th 948. The trial court denied the motion on December 6, 2013 following an in camera hearing with the investigating officer. On January 30, 2014, the court provided Martinez with a redacted copy of the affidavit and ordered it filed under seal.

Pursuant to an agreement negotiated on July 8, 2014, Martinez pleaded no contest to possession of methamphetamine in excess of one kilogram, possession of methamphetamine with a firearm, possession of heroin, and one count of possession of a firearm by a felon and admitted having suffered two prior convictions within the meaning of section 11370.2.[2] At the time he entered his plea, Martinez was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Defense counsel joined in the waivers of Martinez's constitutional rights. The trial court expressly found Martinez's waivers and plea were voluntary, knowing and intelligent.

---

[1] Statutory references are to the Health and Safety Code, unless otherwise indicated.
.
[2] Martinez also admitted the third section 11370.2 allegation, which the trial court then dismissed in the interest of justice.

The trial court sentenced Martinez in accordance with the plea agreement to an aggregate state prison term of 14 years 4 months. The court awarded Martinez 760 days of presentence custody credit and imposed statutory fines, fees and assessments. The remaining counts were dismissed as part of the plea agreement. Martinez filed a timely notice of appeal challenging the denial of the suppression motion.

We appointed counsel to represent Martinez on appeal. After examination of the record, counsel filed an opening brief, raising no issues, but requesting that we independently review the transcript of the in camera hearing to determine whether the trial court erred when it refused to order full disclosure of the sealed affidavit.

On May 27, 2015, we advised Martinez he had 30 days within which to submit any contentions or issues he wished us to consider. We have received no response.

Because the appellate record contained only a redacted copy of the sealed affidavit, we requested the original search warrant and supporting affidavit from the superior court, which it provided on September 28, 2015. After reviewing the entire record, including the original search warrant, unredacted supporting affidavit, and the sealed transcript of the in camera hearing, we find the trial court properly sealed portions of the warrant affidavit to protect the informant's identity. (*People v. Hobbs, supra*, 7 Cal.4th at p. 976.) We are satisfied Martinez's appellate attorney has complied fully with the responsibilities of counsel and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.                    SEGAL, J.

3